[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13604
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2010
JOHN LEY
CLERK

Agency Nos. A095-216-037,
A095-216-038

CARLOS ORLANDO GONZALEZ,
MARTHA LUCIA VERU,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 12, 2010)

Before BIRCH, WILSON  and FAY, Circuit Judges.

PER CURIAM:

Carlos Orlando Gonzalez,[1] a native and citizen of Colombia, petitions for review of the Board of Immigration Appeals's ("BIA") denial of his motion to reconsider its dismissal of his appeal from the immigration judge's ("IJ") order of removal. He argues that the BIA incorrectly concluded that he had failed to establish a nexus between his purported persecution by the Colombian Revolutionary Armed Forces ("FARC") and his political opinion.

I. *Jurisdiction to Consider Merits of the BIA'S Dismissal of Direct Appeal*

We review questions of subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam). While we generally have jurisdiction to review final orders of removal, a petition for review must be filed within 30 days from the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). Because the statutory time limitation is mandatory and jurisdictional, it is not subject to equitable tolling. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272–73 n.3 (11th Cir. 2005) (per curiam). A motion to reconsider does not suspend the finality of the order of removal and does not toll the review period. *Stone v. INS*, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995) (construing the former 90-day filing period).

The order of removal in this case became final when the BIA dismissed Gonzalez's appeal in October 2008. Gonzalez did not file his petition for review

---

[1] Gonzalez is the lead petitioner on behalf of himself and his wife, Martha Lucia Veru.

until July 2009, more than 30 days after the BIA's dismissal of his appeal. His motion to reconsider did not toll the limitations period for filing his petition for review. Therefore, we lack jurisdiction over his claim insofar as it directly challenges the order of removal and direct appeal.

II. *Denial of Motion to Reconsider*

We review the denial of a motion to reconsider[2] for abuse of discretion. *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1328 (11th Cir. 2007) (citation omitted). Our review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Garcia-Mir v. Smith*, 766 F.2d 1478, 1490 (11th Cir. 1985) (per curiam) (quotation and citation omitted).

A motion to reconsider must specify "the errors of fact or law in the prior Board decision and [must] be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). However, simply reiterating arguments previously presented to the

---

[2] The Government argues that Gonzalez has abandoned his challenge to the motion to reconsider by failing to brief any reviewable argument. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228–29 n.2 (11th Cir. 2005) (per curiam) (holding that when an appellant fails to offer argument on an issue or makes only passing references to it, the brief is insufficient to raise a claim and the issue is abandoned). Gonzalez's initial brief makes a passing reference to the motion to reconsider in his statement of the issue presented. Otherwise, his brief discusses only the merits of his persecution claim and applies the substantial-evidence standard applicable to direct appeals. However, because his motion to reopen and his direct appeal involved the same arguments, and Gonzales essentially quotes, although does not directly cite, the BIA's dismissal of his motion for reconsideration, we will not deem Gonzalez to have abandoned his appeal from the denial of the motion to reconsider.

3

BIA does not constitute "specifying . . . errors of fact or law." *Calle*, 504 F.3d at 1329.

The BIA found that Gonzalez's "renewed arguments in the motion . . . fail to establish error in our decision affirming the Immigration Judge." A.R. at 3. It then reiterated its conclusion that the petitioners did not show any nexus between their persecution and a protected ground. Gonzalez did not raise any errors of fact or law, and instead reiterated the arguments he had made below concerning adverse credibility and persecution on account of political opinion. The BIA did not abuse its discretion in finding that Gonzalez had not specified any error in fact or law.

To the extent that Gonzalez suggests a possible error of law in the BIA's review of the nexus-to-a-protected-ground issue, we lack jurisdiction to review that argument because he did not bring the purported error to the BIA's attention in his motion to reconsider. Absent a cognizable excuse or exception, we lack jurisdiction to review an argument unless the petitioner has first exhausted his administrative remedies. *Amaya-Artunduaga*, 463 F.3d at 1250 (citation omitted).

For the foregoing reasons, we deny Gonzalez's petition for review.

**PETITION DENIED.**